IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN GUTIERREZ MARTINEZ, | |
| Petitioner, | 8:24CV140 |
| vs. | |
| DON WHITMIRE, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on preliminary review of Petitioner Adrian Gutierrez Martinez's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will deny and dismiss the petition without prejudice.

## I. BACKGROUND

Petitioner is a patient currently committed to the Norfolk Regional Center in Norfolk, Nebraska, pursuant to Nebraska's Sex Offender Commitment Act, Neb. Rev. Stat. §§ 71-1201 to 71-1226 ("SOCA"), and seeks to challenge the April 26, 2018, commitment order ("Commitment Order"), entered by the Mental Health Board of the Fourth Judicial District for Douglas County, Nebraska ("Mental Health Board"). Filing No. 1 at 1, 6, 19.

On July 7, 2020, Petitioner filed multiple petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. 8:20CV271 (the "Lead Case") and Case No. 8:20CV272 (the "Companion Case") seeking his release by challenging the Commitment Order. On October 8, 2020, Petitioner filed a third case, Case No. 8:20CV408. The Court subsequently consolidated the Lead Case with the Companion Case, and closed the third

case. See Filing No. 8, Case No. 8:20CV271. As amended and supplemented, Petitioner's operative petition (hereinafter the "First Habeas Petition") raised five claims including, as relevant here: (1) the Mental Health Board lacked probable cause and jurisdiction to commit him as a dangerous sex offender under SOCA because Petitioner has never been charged with, convicted of, or served a sentence for a sexually violent offense as defined by SOCA ("Claim One") and (2) Petitioner's due process and equal protection rights were violated because, inter alia, the Mental Health Board refused to provide him with mandatory and periodic post-commitment review hearings and denied his state-created right to appointed counsel in post-commitment proceedings ("Claim Two"). Filing No. 53 at 5–7, Case No. 8:20CV271.

After briefing was complete but before the Court issued any ruling on the First Habeas Petition, Petitioner filed the present petition (hereinafter the "Second Habeas Petition") on April 19, 2024, and again challenged the same Commitment Order as the First Habeas Petition but purportedly based the Second Habeas Petition on "new claims." Filing No. 1 at 17. In the Second Habeas Petition, Petitioner claims (1) he is actually innocent because the Mental Health Board lacked subject matter jurisdiction to commit him based on his four lewd conduct city ordinance violations which do not qualify as committable offenses under SOCA, (2) he has been denied sex offender specific treatment for exhibitionism so as to give him a realistic opportunity to improve his mental condition and gain release, and (3) he has been denied review hearings and appointment of counsel in post-commitment proceedings since 2018.

On March 20, 2025, the Court denied and dismissed with prejudice the First Habeas Petition. Filing No. 94, Case No. 8:20CV271. The Court determined Claim One

was procedurally defaulted as Petitioner never filed a direct appeal of the Commitment Order and could not collaterally attack the Commitment Order through a state habeas proceeding. Id. at 18–21. Additionally, the Court found Claim Two raised issues of only state law and was, therefore, not a proper basis for federal habeas relief. Id. at 18.

## II. DISCUSSION

As an initial matter, the Court's denial and dismissal of the First Habeas Petition, at first blush, suggests that the Second Habeas Petition should be dismissed as a second or successive petition. See 28 U.S.C. § 2244(b) (statutory prohibition against successive habeas petitions). However, based on Eighth Circuit precedent, because Petitioner filed his Second Habeas Petition before the First Habeas Petition had been adjudicated on the merits or dismissed with prejudice, the Court should not dismiss the Second Habeas Petition as "second or successive" but instead should construe it as a motion to amend the First Habeas Petition. United States v. Sellner, 773 F.3d 927, 931–32 (8th Cir. 2014) ("We now join our sister circuits and hold that when a pro se petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend."). However, even construed as a motion to amend, the Court concludes the Second Habeas Petition should be denied and dismissed without prejudice.

First, Petitioner's claim that he is actually innocent because the Mental Health Board lacked subject matter jurisdiction to commit him based on his non-qualifying city ordinance offenses is essentially the same as Claim One in the First Habeas Petition— specifically, that Petitioner has not been convicted of any qualifying committable offense

3

under SOCA. As such, this claim would be procedurally defaulted for the same reasons as Claim One.

Similarly, Petitioner's claim that the Mental Health Board failed to provide him post-commitment review hearings and appointed counsel are essentially identical to Claim Two in the First Habeas Petition and raise only issues of state law which are not cognizable in federal habeas.

Finally, Petitioner's claim regarding the denial of sex offender specific treatment for exhibitionism does not state a cognizable claim for habeas relief. The Supreme Court has recognized that the Constitution does not prevent "a State from civilly detaining those for whom no treatment is available," *Kansas v. Hendricks*, 521 U.S. 346, 366 (1997), and there is no substantive "due process right to appropriate or effective or reasonable treatment of the illness or disability that triggered the patient's involuntary confinement," *Karsjens v. Piper*, 845 F.3d 394, 410 (8th Cir. 2017) (quoting *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012)). Thus, as one district court explained in dismissing a habeas petition premised on a similar failure-to-treat claim,

> under *Hendricks*, a state may constitutionally deprive a person of freedom from detention so long as it establishes dangerousness and a mental abnormality that makes it difficult for the person to control his dangerous behavior, regardless of whether or not the State is providing treatment. *See Hendricks*, 521 U.S. at 358, 360. Under *Hendricks*, even if this Court were to rule in Petitioner's favor and find that [the State] had deprived him of substantive due process by failing to provide treatment, such a ruling would not affect the fact or duration of Petitioner's detention or permit his release.

*R.W. v. Goodwin*, No. CIV. 08-4841(PGS), 2009 WL 1405514, at *7 (D.N.J. May 19, 2009). Accordingly, the Court finds Petitioner's failure-to-treat claim does not state a cognizable claim for habeas relief and must be dismissed without prejudice to reassertion in an action brought under 42 U.S.C. § 1983. *See Id.* ("[A] failure-to-treat claim presents

4

a conditions-of-confinement challenge which is not cognizable in habeas and may only be brought under § 1983." (citing *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002)).

### III. CONCLUSION

Even when construed as a motion to amend the First Habeas Petition, the claims contained in Petitioner's Second Habeas Petition are either duplicative of Claim One and Claim Two in the First Habeas Petition or are not cognizable in a federal habeas action. The Court, therefore, will dismiss the Second Habeas Petition without prejudice. The Court has also applied the appropriate standard for granting a certificate of appealability and determined that Petitioner is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)–(2); Fed. R. App. P. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

IT IS THEREFORE ORDERED that:

1.   This matter is dismissed without prejudice. No certificate of appealability has been or will be issued.

2.   The Court will enter judgment by separate document.

Dated this 3rd day of July, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5